UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILLIAM JOHNSON,            )
        Petitioner      )
                        )
        v.              ) C.A. NO. 11-cv-30174-MAP
                        )
GARY RODIN,                 )
        Respondent      )

MEMORANDUM AND ORDER REGARDING
RESPONDENT'S RENEWED MOTION TO DISMISS PETITION
FOR WRIT OF HABEAS CORPUS AND PETITIONER'S MOTION TO STAY
(Dkt. Nos. 26 & 28)

February 28, 2013

PONSOR, U.S.D.J.

## I. INTRODUCTION

On April 25, 2007, Petitioner William Johnson was indicted in state court for home invasion, assault with a dangerous weapon, breaking and entering, threatening to commit a crime, and malicious injury to property.  After a jury-waived trial in Massachusetts Superior Court, Petitioner was found guilty on all counts.

On October 28, 2008, Petitioner filed a timely notice of appeal on his convictions to the Massachusetts Appeals Court. On June 23, 2009, the Appeals Court stayed the application to allow Petitioner to pursue a motion for new trial, which the trial judge thereafter denied without an evidentiary hearing. On October 27, 2009, Petitioner filed a timely notice of appeal from the denial of the motion for new trial.  The

Appeals Court consolidated the two applications and, on November 5, 2010, affirmed the convictions -- except for the felony malicious injury to property[1] -- as well as the trial court's order denying the motion for new trial.

On February 28, 2011, Petitioner (through counsel) filed an Application for Further Appellate Review (ALOFAR) to the Supreme Judicial Court (SJC). On April 1, 2011, the SJC denied review. On June 24, 2011, Petitioner filed a pro se habeas corpus petition in this court, setting forth two grounds for review. On August 18, 2011, Respondent Gary Roden, Superintendent of MCI-Norfolk, moved to dismiss the petition for failure to exhaust the state-court remedies. (Dkt. No. 9.) After Petitioner filed a pro se objection to the motion, the court appointed counsel for Petitioner. On March 28, 2012, the court denied without prejudice Respondent's motion to dismiss in order to permit Petitioner, now represented by counsel, to file an amended petition. On June 8, 2012, Petitioner (through counsel this time) filed a revised petition for habeas corpus. (Dkt. No. 23.)

Now before the court is Respondent's renewed motion to

---

[1] The conviction for felony malicious injury to property was set aside, and the matter was remanded for entry of a guilty finding and sentencing for misdemeanor malicious injury to property.

dismiss the petition, again for failure to exhaust the state-court remedies. (Dkt. No. 26.) In addition to opposing Respondent's motion to dismiss (Dkt. No. 31), Petitioner has filed a cross-motion to stay the petition to permit him to exhaust his claims in state court. (Dkt. No. 28.) Respondent opposes the motion to stay. (Dkt. No. 35.) For the reasons stated below, the court will deny Petitioner's motion to stay and allow Respondent's motion to dismiss unless Petitioner files another amended petition deleting the unexhausted claims on or before April 5, 2013.

## II. BACKGROUND

After sentencing in state court, Petitioner filed a timely notice of appeal to the Massachusetts Appeals Court, raising two issues:

1. Whether trial counsel provided ineffective assistance by failing to move the judge to recuse herself from presiding at trial where her questions during the jury waiver colloquy exceeded the scope and depth necessary to demonstrate that [Petitioner] freely and intelligently waived the jury and required him to testify about the core issue at trial, his mental health.

2. Whether the Commonwealth introduced sufficient evidence at trial regarding the reasonable cost of repair of the injured property to support [Petitioner's] conviction on the felony malicious injury to property indictment.

(Dkt. No. 13, Ex. 2 at ADD-22.)

After receiving this appeal, the Appeals Court, as noted

above, stayed review to permit Petitioner to file a motion for new trial and for an evidentiary hearing.  After the trial judge denied the motion and took no action on the motion for a hearing, Petitioner filed another notice of appeal, which the Appeals Court consolidated with the first appeal.  This second appeal raised the following claims:

> 1. Whether [Petitioner] established that trial counsel provided ineffective assistance of counsel in failing to properly investigate the facts and circumstances of the case, which precluded him from providing a factual basis to support the expert witness' opinion and the defense theory, and the trial judge abused her discretion in denying the motion [for new trial].
>
> 2. Whether [Petitioner] raised a substantial issue in his claim of ineffective assistance of counsel and supported it with a substantial showing that counsel failed to communicate with, inform and counsel [Petitioner] and failed to investigate the facts and circumstances of the case and the trial judge abused her discretion in denying [Petitioner's] motion [for new trial] without holding an evidentiary hearing.

(Dkt. No. 13, Ex. 3 at ADD-80.)  On November 5, 2010, the Appeals Court affirmed the trial court's denial of the motion for new trial as well as all of Petitioner's convictions except the felony malicious injury to property, which, as noted, the court reduced to misdemeanor malicious injury to property.

On February 28, 2011, Petitioner filed an ALOFAR with the SJC, in which he raised three points:

> 1. The Appeals Court and the trial judge denied [Petitioner] due process in not meaningfully reviewing his case.

>   2. Contrary to the Appeals Court's finding that he had not, [Petitioner] raised a substantial issue meriting an evidentiary hearing.
>
>   3. The Appeals Court erred in not remanding the case for an evidentiary hearing and the trial judge abused her discretion in taking no action on [Petitioner's] motion for an evidentiary hearing.

(Dkt. No. 13, Ex. 9 at ADD-369.) The SJC denied Petitioner's ALOFAR without comment. Commonwealth v. William Johnson, 459 Mass. 1109 (2011) (table). On June 8, 2012, Petitioner, through counsel, filed a revised petition for writ of habeas corpus in this court, raising four issues.

As to the first ground for relief, Petitioner claims that the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding," relying on 28 U.S.C. § 2254(d)(2).[2] The factual foundation offered in support of this claim is, in substance, that all the evidence demonstrated that Petitioner was not criminally responsible, because, at the time of the offense on March 2, 2007, he was suffering from an untreated schizoaffective disorder. As a result, he "was unable to conform his behavior to the

---

[2] Petitioner's amended Petition for Writ actually cites 28 U.S.C. § 2254(d)(1), which is an application for writ based on a state court decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law," but then quotes § 2254(d)(2), which states "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The court assumes that Petitioner intended to proceed under subsection (2).

requirements of the law due to a need for treatment of his mental illness" as described in the opinion of the court's designated forensic psychologist. According to Petitioner, "[t]here [was] clear and convincing evidence to rebut any presumption of correctness afforded the state court's determination of this factual issue." (Dkt. No. 23, Pet. for Writ of Habeas Corpus, at 6.)

As to the second ground for relief, Petitioner claims actual innocence. The factual foundation offered in support of this claim is, in substance, that Petitioner's unmedicated schizophrenic or schizoaffective disorder prevented him from conforming his conduct to the requirements of the law, thus rendering his state of mind such that he could not be guilty of the crimes for which he was convicted. Evidence from the field of forensic psychiatry that was not used at the time of trial, Petitioner claims, shows that the Petitioner's mental state made him unable to conform his actions to the law. Accordingly, Petitioner is actually innocent. (Id. at 8.)

As to the third ground for relief, Petitioner claims ineffective assistance of counsel for failure to investigate and put on evidence regarding Johnson's mental illness and state of mind. The factual foundation offered in support of this claim is that, under the standard set out in Strickland v. Washington, 466 U.S. 668 (1984), Petitioner's counsel's performance was constitutionally deficient when he failed to

investigate and develop the factual record at trial regarding Petitioner's two-decade-old mental history, including the fact that Petitioner was without medication at the time of the charged conduct. The failure to investigate evidence critical to Petitioner's mental state defense fell below constitutional standards.

As to the fourth ground for relief, Petitioner claims ineffective assistance of counsel for failure to object on self-incrimination grounds to the trial court's pretrial examination of Petitioner. The factual foundation of this ground is trial counsel's failure to object to the trial court's examination of Petitioner in connection with his waiver of a jury trial, resulting in the judge obtaining evidence against Petitioner. (Id. at 11.) Finally, Petitioner asks this court to provide him an evidentiary hearing and to vacate the state court judgments. (Id. at 16.)

### III. DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner must file his habeas petition within a one-year limitations period. 28 U.S.C. § 2244; Drew v. MacEachern, 620 F.3d 16, 20 (1st Cir. 2010) (calculating the start of "the clock for the AEDPA's limitations period" as the day on which a petitioner's time to seek U.S. Supreme Court review of the final state court's

decision expired). Moreover, for a federal court to hear a petition for writ of habeas corpus, the petitioner must first "fully exhaust[] his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (citing Rose v. Lundy, 455 U.S. 509 (1982)); 28 U.S.C. § 2254(b)(1)(A) (requiring an applicant for a writ of habeas corpus to exhaust the remedies available in state courts). For a claim to be deemed exhausted, it must have been "fairly and recognizably" presented to the state courts. Adelson, 131 F.3d at 262.

Generally, if a habeas petition presents both exhausted and unexhausted claims, the federal court must dismiss the petition. Sullivan v. Saba, 840 F. Supp. 2d 429, 433 (D. Mass. 2012). "In some circumstances, a petitioner may delete his unexhausted claims and proceed only on his exhausted claims." Id. (citing Rhines v. Weber, 544 U.S. 269, 278 (stating that courts can "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief")). Alternatively, under limited circumstances, a court presented with a mixed petition may grant a stay to permit the petitioner to retain his exhausted claims without risk of falling outside AEDPA's one-year statute of limitations while returning to state court to exhaust the unexhausted claims. Rhines, 544 U.S. at 275, 279.

The "stay and abeyance" procedure is available where a petitioner can show that (1) he had "good cause" for failing to exhaust the state remedies on that claim, (2) the claim is potentially meritorious, and (3) he did not engage in "intentionally dilatory tactics."  Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007).  If a petitioner does not satisfy these three requirements, then he cannot obtain a stay of his mixed petition.  In that case, he must fall back to the first option: delete his unexhausted claims lest his whole petition for writ of habeas corpus be dismissed.  See Rhines, 544 U.S. at 275.

A.  Exhaustion.

For the court to find a claim fairly and recognizably presented to the state court, and thus exhausted, Petitioner must have presented the claim to the state court "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994); Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007).  Both the supporting facts and the legal theories underlying the petition for writ of habeas corpus in federal court must have been included in the claims presented to the state court. Clements, 485 F.3d at 162; Sullivan, 840 F. Supp. 2d at 434.

> [A] habeas petitioner may accomplish this by doing any of the following: (1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal

constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.

Clements, 485 F.3d at 162.[3]

Applying these standards, the court must find that Petitioner here has filed a mixed petition. Grounds One and Four have not been exhausted in state court; Grounds Two and Three have. The court will begin with the exhausted claims.

Ground Three is clearly exhausted. Though the wording in the ALOFAR and in the writ is not identical, the facts and legal theory underpinning the claim as presented to the SJC and the claim in the writ are the same. In the ALOFAR, Petitioner plainly identified ineffective assistance of counsel as the basis for his appeal of the trial court's denial of his motion for new trial. In support of this position, Petitioner cited SJC cases discussing the constitutional standards for determining whether a defendant has been deprived of the effective assistance of counsel. (Dkt. No. 13, Ex. 9 at ADD-370 (citing See Commonwealth v. Rondeau, 378 Mass. 408, 411-12 (Mass. 1979).) Thus, Ground Three was "fairly and recognizably" presented to the state court. See Scarpa, 38 F.3d at 6.

Likewise, Petitioner's Ground Two, actual innocence, has

---

[3] The court has also, on occasion, held that "citations to state court decisions which rely on federal law or articulation of a state claim that is, 'as a practical matter, [] indistinguishable from one arising under federal law'" suffice to show that the habeas issue has been exhausted. Clements, 485 F.3d at 162 (alteration in original).

been exhausted.[4] Claims for actual innocence are not a ground for federal habeas relief unless there was an independent constitutional violation that occurred during the state criminal proceeding. Herrera v. Collins, 506 U.S. 390, 400 (1993). Here, Petitioner's claim of actual innocence is rooted in his constitutional claim for ineffective assistance of counsel. As noted above, this general claim has been exhausted.

In contrast, Grounds One and Four have not been exhausted. Petitioner's Ground One for writ of habeas corpus is that the state court determination "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner's ALOFAR challenged the trial judge's denial of the motion for a new trial and refusal to grant an evidentiary hearing. The ALOFAR also discussed at length the allegations of the inadequacy of Petitioner's trial counsel in failing to investigate, discover, and present evidence that Petitioner was not criminally responsible. Nothing, however, in the ALOFAR addressed the factual or legal

---

[4] For purposes of the motion before it, the court concludes only that Ground Two, actual innocence, is exhausted. Actual innocence does not generally serve as an independent basis for habeas relief, "but rather as a 'gateway' which, when proven, allows a habeas court to review the merits of otherwise defaulted claims." Goldman v. Winn, 565 F. Supp. 2d 200, 223 (D. Mass. 2008) (citing Herrera v. Collins, 506 U.S. 390 (1993)). At this juncture the court will not decide the substantive merits of Petitioner's claim of actual innocence.

-11-

Case 3:11-cv-30174-MAP   Document 49   Filed 02/28/13   Page 12 of 14

underpinnings of Ground One of the Petition. The ALOFAR presented neither a challenge to the factual basis for the trial court's guilty determination nor citation to legal authority supporting an argument that the determination was unreasonable given the evidence presented. Accordingly, the court must find this ground unexhausted.

With respect to Ground Four, Petitioner concedes that the ALOFAR contained no factual or legal arguments regarding the colloquy between Petitioner and the trial judge. Thus, the court finds this ground unexhausted as well.

B.  Stay and Abeyance.

For the court to issue a stay and abeyance, it must find that Petitioner has satisfied each of the three conditions set forth by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). As discussed previously, those conditions are "that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Josselyn, 475 F.3d at 5. Here, Petitioner cannot get beyond the first condition: he cannot demonstrate good cause for failing to exhaust Grounds One and Four. See Clements, 485 F.3d at 170-71.

Petitioner was represented by counsel in his appeals in state court. Though he filed his first petition for writ of habeas corpus pro se, the second was filed with the assistance of court-appointed counsel. (See Dkt. Nos. 1, 7, 17, 23.) At

-12-

the time of counsel's appointment on March 16, 2012, Petitioner still had until June 30, 2012, to exhaust all his claims in state court before AEDPA's one-year statute of limitations ran.  The fact that Grounds One and Four were left out of Petitioner's ALOFAR may best be characterized as a "strategic decision" and thus cannot constitute good cause. Clements, 485 F.3d at 169-70 (stating that "the omission of most of [petitioner's] Appeals Court claims from his ALOFAR was the result of a strategic decision by [petitioner] and his lawyer and could not constitute good cause"); Sullivan, 840 F. Supp. 2d at 437.

Consequently, under Rhines, Petitioner here may not obtain a stay and abeyance.  Accordingly, the court will fall back to the first option discussed in Rhines: Petitioner will be given the opportunity to delete the unexhausted claims from his habeas petition and proceed forward with the exhausted claims.  See Rhines, 544 U.S. at 275.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Stay and Abeyance (Dkt. No. 28) is hereby DENIED.  Respondent's Motion to Dismiss (Dkt. No. 26) will be ALLOWED in its entirety on April 5, 2013, unless on or before that date Petitioner files an amended petition deleting Grounds One and Four.

**It is So Ordered.**

<u>**/s/ Michael A. Ponsor**</u>
**MICHAEL A. PONSOR**
**U. S. District Judge**